Mathew K. Higbee, Esq., SBN 241380
Naomi Sarega, Esq., SBN 306967
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
TED VANCLEAVE,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| TED VANCLEAVE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OZY MEDIA, INC.<br><br>　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ted VanCleave, for his Complaint against Ozy Media Inc., Defendant, alleges as follows:

## INTRODUCTION

1. Ted VanCleave (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Ozy Media, Inc. (hereinafter "Defendant"), with regard to the unlawful use of a copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

4. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

5. This Court has personal jurisdiction over Defendant because Defendant is a business entity incorporated in the State of California, Defendant's acts of infringement complained of herein occurred in the State of California, and Defendant has caused injury to Plaintiff in his intellectual property within the State of California.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides, committed the acts of infringement, and has a regular and established place of business in this judicial district.

//

## PARTIES

7. Plaintiff is a natural person who resides in the City of North Bay Village, in the State of Florida and is a professional photographer by trade.

8. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity residing in the City of Mountain View, in the State of California, and conducted business within the City of Mountain View, in the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity who unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was an individual residing within the State of Florida.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity residing in the State of California and in this judicial district.

//

//

//

//

13. Plaintiff is a photographer by trade. He photographs abstract architecture and landscapes and sells or licenses them to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

14. Plaintiff took the Original Image; *see* Original Image attached hereto as Exhibit A.

15. Plaintiff has ownership and copyright of the Image.

16. Plaintiff has registered the Image with the United States Copyright Office under Registration Number VA 1-783-062.

17. Plaintiff has provided multiple notices to Defendant that the Images are subject to copyright and to cease use of the Images.

18. Plaintiff did not consent to authorize, permit, allow in any manner the use of the Images by Defendant.

19. Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

20. Plaintiff is informed and believes that Defendant used the Images on its business website from September 4, 2015 to on or around November 5, 2015, *see* Screenshots of Defendant's use attached hereto as Exhibit B.

21. Defendant willfully used the Images to promote the Defendant's business.

22. Plaintiff did not consent to the use of his Image for commercial gain.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

25. Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

26. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

27. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable

attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: August 30, 2016                     Respectfully submitted,

/s/ Mathew K. Higbee, Esq.
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ted VanCleave, hereby demands a trial by jury in the above matter.

Dated: August 30, 2016                    Respectfully submitted,


/s/ Mathew K. Higbee, Esq.
Mathew K. Higbee, Esq.
Naomi Sarega, Esq.
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*